UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 12-cr-40080-JPG |
| JASON S. THORNE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on two motions filed by defendant Jason S. Thorne: a motion for leave to appeal (Doc. 43) and a motion for credit for pretrial detention served (Doc. 44).

### I.  Motion for Leave to Appeal (Doc. 43)

In this motion, Thorne seeks to bring before the Court several alleged instances of ineffective assistance of counsel. These types of arguments are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding; instead, they are more appropriately brought in a motion under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

The Court is tempted to construe Thorne's motion as a § 2255 motion but is hesitant to do without a clear indication that Thorne intends to invoke that statute. "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

Accordingly, the Court **WARNS** Thorne that if he does not file a motion to withdraw his

pending motion on or before November 21, 2014, the Court will construe it as a § 2255 motion and Thorne will then be subject to the second or successive filing requirements contained in 28 U.S.C. § 2255, ¶ 8. The Court further **WARNS** Thorne that if he elects to withdraw his pending motion, he may be barred from filing another § 2255 by the statute's one-year limitation period. *See* 28 U.S.C. § 2255(f). Should Thorne elect not to withdraw his pending motion, the Court will allow him to amend it using the Court's standard § 2255 form to add more details to his claims. The Court will send him the appropriate form should Thorne elect to proceed with his pending motion.

**II.     Motion for Credit for Pretrial Detention (Doc. 44)**

In this motion, Thorne asks the Court for credit toward his sentence for time he served in pretrial federal custody. To the extent Thorne asks the Court to alter its judgment, the Court is without jurisdiction to do so at this point since Thorne seeks more than merely correction of a clerical error. See Fed. R. Crim. P. 36. To the extend Thorne believes the Bureau of Prisons is not calculating his sentence in accordance with the judgment and applicable law, he may raise the issue in a petition under 28 U.S.C. § 2241. The Court **DISMISSES** Thorne's motion for credit for pretrial detention (Doc. 44) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   November 3, 2014**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**