IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JASON S. THORNE,

    Defendant.

No. 12-cr-40080 JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jason S. Thorne's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 63). The Court considered a potential reduction earlier in this case when Thorne was represented by counsel who moved to withdraw on the basis that she could make no non-frivolous argument in support of a request for reduction (Doc. 62). Having received no objection from Thorne, on December 1, 2017, the Court allowed counsel to withdraw. For the reasons set forth in that order, the Court **DENIES** Thorne's *pro se* motion for a reduction (Doc. 63). Specifically, Thorne's sentence was grounded in his career offender status rather than his relevant conduct, so Amendment 782 did not lower his sentencing range.

Here, Thorne argues that one of the underlying convictions for a crime of violence – unlawful restraint – no longer qualifies as a crime of violence for career offender purposes. He is incorrect. *See United States v. Swanson*, 55 Fed. App'x 761, 762 (7th Cir. 2003) (holding that unlawful restraint was a crime of violence for career offender purposes because it fell under the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2)). Should Thorne's sentence based on his career offender status ever be vacated, which is unlikely in light of *Beckles v.*

*United States*, 137 S. Ct. 886, 897 (2017) (holding that the career offender guideline's residual clause is not subject to a vagueness challenge)[1], he may reapply to this Court for a sentence reduction under 18 U.S.C. § 3582(c)(2). Until his sentence is vacated, he remains a career offender and is not eligible for a sentence reduction based on Amendment 782.

**IT IS SO ORDERED.**
**DATED:   December 22, 2017**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **U.S. DISTRICT JUDGE**

---

[1] The Court explained this to Thorne in its denial of his § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Thorne v. United States*, No. 16-cv-469-JPG (May 5, 2017).